Samuel H. Tabor v. W. & E. Chapman.

Decided May 6, 1899.

**Transfer of Cause Erroneously Made—Costs.**

Where, by order of the Supreme Court acting under article 994a of the Revised Statutes, a case is erroneously transferred from one Court of Civil Appeals to another, and afterwards retransferred, neither the appellant nor appellee is liable for the costs of such transfers, including the costs of the Supreme Court upon a certified question as to the legality of the transfer.

Appeal from the County Court of Dallas. Tried below before Hon. Kenneth Foree.

*Geo. A. Titterington,* for the motion.

Finley, Chief Justice.—On the 20th day of January, 1898, W. & E. Chapman obtained judgment in the County Court of Dallas County against Samuel H. Tabor for the sum of $450, interest and costs. In due time Tabor gave notice of appeal, executed his appeal bond, and filed the transcript within the period required by the statute. The appeal was dismissed on motion, for the reason that appellant had failed to file his briefs in the court below as required by the statute. Subsequently W. & E. Chapman filed application to have the judgment of the court below affirmed upon certificate. This motion to affirm on certificate was, by the order of the Supreme Court assuming to act under Revised Statutes, article 994a, transferred to the Court of Civil Appeals for the Third Supreme Judicial District at Austin, which last named court certified to the Supreme Court the question, whether the motion to affirm was such a case as contemplated by said article 994a which could be thereunder transferred. The Supreme Court answered the question in the negative, holding that the motion to affirm on certificate was not a case which was authorized by the statute to be transferred (Tabor v. Chapman, 92 Texas, 263), and the Supreme Court made and entered this order: "It is ordered by the court that a copy of the opinion herein delivered be certified to the Court of Civil Appeals for the Third Supreme Judicial District, and that said cause be therein proceeded with in accordance with said opinion." The opinion directed the said Court of Civil Appeals to strike the motion to affirm upon certificate from the docket of that court and cause the papers relating thereto to be returned to this court.

Acting upon the opinion and order of the Supreme Court the Court of Civil Appeals for the Third Supreme Judicial District struck the motion to affirm upon certificate from its docket and dismissed the same for want of jurisdiction, and directed the clerk to return the papers to this court. In compliance with this order the papers were returned to this court and the case reinstated upon its docket. On the 14th day of January, 1899, this court denied the application to affirm the judgment of the court below upon certificate, holding that the transcript had been filed by ap-

pellant within the ninety days required by statute, and that the fact that the appeal had been dismissed on account of briefs of appellant not having been filed in the court below, did not authorize an affirmance of the judgment upon certificate. The appropriate judgment refusing the application and adjudging costs against the applicants W. & E. Chapman was duly entered upon the minutes of this court.

The clerk of this court, after the elapse of time fixed by statute, issued execution against W. & E. Chapman for costs incurred in the application to affirm upon certificate, including the costs of this court, and $7, costs of the Court of Civil Appeals for the Third Supreme Judicial District, and $12.40 costs incurred in the Supreme Court. This execution has been placed in the hands of the sheriff for the collection of such costs. No order as to costs was made in the Court of Civil Appeals of the Third Supreme Judicial District nor in the Supreme Court, but the clerks of those courts respectively have sent to the clerk of this court bills of costs of the amounts above stated.

The applicants for affirmance now move this court, by motion filed and duly presented, to direct that the execution issued by the clerk of this court be recalled, and that the clerk of the court be directed to strike from his cost bill the items of $7, costs of the Court of Civil Appeals for the Third Supreme Judicial District, and the $12.40 cost of the Supreme Court.

From the foregoing statement it will be seen that the action transferring the motion to affirm upon certificate to the Court of Civil Appeals at Austin, and the action of that court certifying the question to the Supreme Court as to whether it was a transferable case, was taken by those respective courts on their own motion and not at the instance of either of the parties litigant.

The effect of the decision of the Supreme Court is, that the action of transferring the motion to affirm on certificate was unauthorized and void, and therefore the Court of Civil Appeals at Austin had no jurisdiction. Neither of those courts having attempted to adjudicate the costs therein incurred, we have only to determine whether the clerk of this court should attempt to enforce by execution the bill of costs sent to him by the clerks of said Court of Civil Appeals and Supreme Court. We know of no decision which would settle this question. It would seem, if the transfer was void and that action taken without any motion of the parties litigant, that they could not be held responsible for the costs incurred.

The motion to affirm on certificate was filed in this court, which had jurisdiction of it, and it got out of this court in a way that the parties were wholly unresponsible for, and they could not be chargeable with costs incurred in this manner. It may seem a hardship to deprive the clerks of compensation for their work performed, but the mistake rests with the courts and not the parties to the litigation, and it would seem even a greater hardship to require such parties to pay costs so incurred.

In accordance with the prayer of the motion, it is directed that the execution issued out of this court for costs be recalled, and the clerk of

this court is directed to strike from his costs bill the items of cost therein entered as having been incurred in the Court of Civil Appeals of the Third Supreme Judicial District and the Supreme Court of the State.

*Ordered accordingly.*